NOTICE

Decision filed 04/12/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230588-U

NO. 5-23-0588

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* ESTATE OF MARK A. WEBER, Deceased | ) | Appeal from the |
| | ) | Circuit Court of |
| (Jessica Weber, | ) | Vermilion County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 21-P-186 |
| | ) | |
| Jennifer Weber, | ) | Honorable |
| | ) | Derek J. Girton, |
| Respondent-Appellant). | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's order denying respondent's estate claim, where the court ordered Decedent to maintain a life insurance policy to serve as security in the event that Decedent failed to fulfill his maintenance obligation at the time of his death.

¶ 2    Respondent, Jennifer Weber, appeals the Vermilion County circuit court's July 21, 2023, order denying Jennifer's motion to reconsider the court's April 10, 2023, order, which denied Jennifer's estate claim against the estate of her ex-husband, Mark Weber (Decedent), and granted summary judgment in favor of Decedent's estate. For the following reasons, we affirm.

¶ 3                                    I. Background

¶ 4    We limit our recitation to those facts relevant to our disposition of this appeal. On April 30, 1977, Decedent and Jennifer married and later had three children: Jessica Weber, Kasandra

1

(Weber) Murphy, and Mallory Weber. On May 17, 2011, the circuit court entered a judgment of dissolution, dissolving the marriage. On September 27, 2011, the court entered a supplemental judgment of dissolution (supplemental order) and attached "the final letter opinion of the court," written by Judge Karen Wall and dated August 18, 2011. Judge Wall's supplemental order detailed the court's determination on the division of property and debts, recapitulation, and maintenance. Specific to this appeal, the court, in awarding Decedent "the only income producing asset of the parties," ordered Decedent to pay Jennifer permanent maintenance of $3250 per month. The court specified that

> "[t]he obligation to pay maintenance shall be secured by the U[.]S[.] Financial term life insurance policy with a face value of $400,000, currently in place, which lists [Jennifer] as a beneficiary. [Decedent] shall maintain this policy and keep [Jennifer] as a beneficiary on said policy so long as he has an obligation to pay maintenance to [Jennifer]."

¶ 5    On June 12, 2021, Decedent died in Danville, Illinois, leaving three heirs, Jessica, Kasandra, and Mallory. It is undisputed that Decedent allowed the U.S. Financial term life insurance policy to lapse several years before his death, and that Jennifer had knowledge of this.

¶ 6    On October 18, 2021, Decedent's daughter, Jessica Weber, as executor of Decedent's September 21, 2011, will, filed a petition to admit will to probate and for issuance of letters of testamentary. Two days later, the circuit court admitted Decedent's will to probate and issued letters of testamentary to Jessica, as executor with independent administration. Jessica filed a notice to heirs and legatees.

¶ 7    On December 28, 2021, Jennifer filed an estate claim against Decedent's estate. With reference to the circuit court's supplemental order, Jennifer claimed that Decedent violated court order by failing to maintain the U.S. Financial term life insurance policy throughout the entirety

2

of his life. Thus, as a direct proximate result of Decedent's failure, Jennifer claimed she suffered a loss of $400,000.

¶ 8     On March 4, 2022, Jessica filed an objection to Jennifer's estate claim. Jessica argued that Jennifer's claim mischaracterized the terms of the circuit court's supplemental order, asserting that the court did not award Jennifer an insurance policy but required Decedent to name Jennifer "as a beneficiary as *security* for the underlying maintenance obligation." (Emphasis in original.) Moreover, Jessica argued that Jennifer, who was aware that Decedent's policy had lapsed, made no effort to enforce the supplemental order until after Decedent's death. In addition, Jessica argued that Decedent, who was current on his maintenance obligation to Jennifer, bore no obligation to pay maintenance to Jennifer after his death.

¶ 9     On September 27, 2022, Jennifer filed a motion for summary judgment, pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2020)). Jennifer argued that Jessica admitted in the objection to Jennifer's estate claim that Decedent failed to comply with the terms of the supplemental order, requiring him to maintain a current life insurance policy. Because of this admission, Jennifer claimed there was no genuine issue of material fact that Decedent was required to maintain a life insurance policy and name Jennifer as beneficiary. Jennifer further asserted that the court ordered Decedent to maintain a life insurance policy "so that in the event of his death[,] Jennifer Weber would receive the death benefit of said policy as his maintenance obligation would terminate." As a matter of law, Jennifer requested that the circuit court grant her motion for summary judgment and enter judgment in her favor and against Decedent's estate in the amount of $400,000.

¶ 10     On November 14, 2022, Jessica filed a memorandum of fact and law in support of her objection to Jennifer's estate claim. Jessica argued that Decedent's obligation to pay Jennifer

maintenance ended upon his death. Moreover, even if Decedent's obligation did not cease at the time of his death, Jessica argued that the circuit court's order did not grant Jennifer the full face value of Decedent's life insurance policy but secured only monthly maintenance payments.

¶ 11    On April 10, 2023, following a hearing,[1] the circuit court granted summary judgment in favor of Decedent's estate and denied Jennifer's estate claim against Decedent's estate. The court cited to section 510(c) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/510(c) (West 2022)), which provided: "Unless otherwise agreed by the parties in a written agreement set forth in the judgment or otherwise approved by the court, the obligation to pay future maintenance is terminated upon the death of either party." Relying on this provision, the court determined that "[n]othing in the judgment would indicate that either the parties agreed or Judge Wall otherwise ordered that the Decedent's maintenance obligation would not terminate at the death of either party." The court further found that "the language [in the supplemental order] used to describe the Decedent's obligation to maintain the term policy clearly intended that the policy was to only act as security for the maintenance obligation." Because Decedent was current on all maintenance payments at the time of his death, the court determined that "the fact that the [life insurance] policy did not exist at Decedent's death is of no consequence" to Jennifer.

¶ 12    On May 10, 2023, Jennifer filed a motion to reconsider. Although Jennifer agreed with the circuit court's reliance on section 510(c) of the Act that Decedent's maintenance obligation terminated upon his death, she argued that the court's supplemental order "required the Decedent to maintain his insurance policy until the moment of his death." Jennifer argued that, had defendant followed the court's order and maintained the policy throughout his life, "the death benefit would have vested instantly and [Jennifer] would have been able to collect the insurance proceeds." To

---

[1]A transcript of the hearing is not contained in the report of proceedings on appeal.

support this proposition, Jennifer asserted that section 510(c) of the Act and the committee's notes and comments in the 2016 amendment to section 504 of the Act, as amended as part of Public Act 99-90 (eff. Jan. 1, 2016) (amending 750 ILCS 5/504), "make it absolutely clear that the Claimant had a right to collect the insurance proceeds." Specifically, section 510(c) of the Act states: "Any termination of an obligation for maintenance as a result of the death of the obligor, however, shall be inapplicable to any right of the other party or such other party's designee to receive a death benefit under such insurance on the obligor's life." 750 ILCS 5/510(c) (West 2022). Moreover, Jennifer pointed to the committee's notes and comments in section 504 of the Act, which state:

"By amendment effective January 1, 2016, language providing that the maintenance termination events of § 510(c) also apply to a termination of an attendant security obligation was deleted. [Citation.] The death of the payor, of course, would trigger the payment of the life insurance death benefit to the payee."

¶ 13   On July 21, 2023, the circuit court held a hearing on Jennifer's motion to reconsider. Following argument by the parties, the court stated the following:

"I think it is clear from the language that what Judge Wall intended was that the insurance policy be in place to pay any past due maintenance should [Decedent] pass away with an obligation that was in arrears. That didn't happen. Therefore, the fact that there wasn't a policy really kind of at that point becomes irrelevant also. It was only there for that purpose.

Your argument that is suggesting that in the maintenance portion of the order Judge Wall was also dealing with a property division regarding additional property for [Jennifer] as a result of distribution of earlier assets, I don't believe that's what—if she had intended that, she would have put the insurance policy in the property division section of the

5

judgment. She put it in the maintenance section. She's clearly said it was for the security of the obligation.

The obligation was paid in full at the time of its termination ***."

The court subsequently denied Jennifer's motion to reconsider. Jennifer filed a timely notice of appeal.

¶ 14                                    II. Analysis

¶ 15    On appeal, Jennifer argues that the circuit court erred by denying her estate claim and granting summary judgment in favor of Decedent's estate. Specifically, Jennifer argues that Decedent violated the court's supplemental order by failing to maintain a current life insurance policy to secure his permanent maintenance obligation to Jennifer in the event that Decedent died before Jennifer. As such, Jennifer contends that she is entitled to Decedent's death benefits of $400,000. In response, Jessica asserts that the court correctly denied Jennifer's estate claim. We agree with Jessica.

¶ 16    Appellate courts apply a *de novo* standard of review when reviewing summary judgment rulings. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2020); *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). The purpose of summary judgment is not to try an issue of fact, but rather to determine whether a triable issue of fact exists. *Adams*, 211 Ill. 2d at 42-43. When *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. A circuit court's grant of summary judgment may be affirmed on any basis supported by the record. *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004).

¶ 17　Here, we note first that the parties do not dispute that there was no genuine issue of material fact. Rather, this court is tasked with interpreting the court's supplemental order in determining whether Jennifer had a valid claim against Decedent's estate. On appeal, Jennifer argues that the circuit court's supplemental order directing Decedent to maintain a life insurance policy was not for the purpose of securing maintenance. Instead, Jennifer asserts that the court's order awarded her a benefit to secure future payments that Decedent would no longer make following his death. Because Decedent failed to follow the court's supplemental order, Jennifer argues that she is entitled to Decedent's death benefits as beneficiary of the U.S. Financial life insurance policy. We find Jennifer's argument flawed and meritless.

¶ 18　A review of the circuit court's supplemental order demonstrates that the court ordered Decedent to maintain a life insurance policy and name Jennifer as "*a* beneficiary" as security for the underlying maintenance obligation. (Emphasis added.) The court awarded Jennifer permanent maintenance because the court awarded Decedent the family business and determined him the only wage-earning party. Contrary to Jennifer's position, the court's order failed to state, either expressly or impliedly, that the court's maintenance award entitled Jennifer to the value of Decedent's life insurance policy at the time of his death for future maintenance payments. There is no indication that the court's supplemental order provided Jennifer with a vested right to death benefits of the life insurance policy when the maintenance obligation terminated under section 510(c) of the Act (750 ILCS 5/510(c) (West 2022) ("the obligation to pay future maintenance is terminated upon the death of either party")). Thus, we reject Jennifer's argument that termination of Decedent's maintenance obligation at death did not terminate Jennifer's right to receive death benefits, as set forth in section 510(c) of the Act (*id.* ("Any termination of an obligation for maintenance as a result of the death of the obligor, however, shall be inapplicable to any right of

7

the other party or such other party's designee to receive a death benefit under such insurance on the obligor's life.")). We also reject Jennifer's reliance on the comments and notes of section 504 of the Act, which references the 2016 amendment. Because the amendment became effective well after the court entered the supplemental order, the amended statute does not apply here.

¶ 19 As such, we simply cannot find that the circuit court erred by finding that Judge Wall ordered the use of the life insurance policy, not as additional property to Jennifer, but for security of Decedent's maintenance obligation. Instead, our review leads to the same conclusion—that the court's supplemental order did not grant Jennifer entitlement to future payments but ordered Decedent to maintain the life insurance policy to serve as security to compensate Jennifer in the event that Decedent had failed to fulfill his maintenance obligation at the time of his death. Because Decedent had no unpaid maintenance arrearages at the time of his death, the use of the life insurance policy as security to pay for any unpaid amounts was never triggered. Thus, we cannot say that the court erred by granting summary judgment in favor of Decedent's estate and denying Jennifer's estate claim against Decedent's estate.

¶ 20                                         III. Conclusion

¶ 21 For the foregoing reasons, we affirm the circuit court of Vermilion County granting summary judgment in favor of Decedent's estate and denying Jennifer's estate claim against Decedent's estate.


¶ 22 Affirmed.